Nicholson, C. J.,
delivered the opinion of the Court.
This is an application for a writ of error, petitioners being real estate brokers at Chattanooga, failed to pay the tax and take out license for the privilege of prosecuting the business of real estate brokers, as required by the Code. The Clerk of the County Court issued a distress warrant, and had the same levied— whereupon petioners obtained writs of certiorari and supersedeas, and removed the cause to the Circuit Court of Hamilton county. Upon motion, at the March Term, 1873, the petition was dismissed and judgment rendered.
The only ground on which the writ of error is applied for — is, that the act of Assembly imposing the tax upon the occupation of a real estate broker as a privilege, is unconstitutional. The Legislature is left unrestricted by the Constitution, as to the manner in which privileges shall be taxed: Const, art. 2, *547 sec. 28. Since the case of Mabry v. Tarver, 1 Hum., 94, a privilege has been held to be “a license to do anything which is prohibited by the general law.” Among the occupations and transactions, which by the general law are not to be pursued without license, is that of a broker of real estate: Code, 550.
The Constitution of 1870 retained the clause as to the taxation of privileges which- was found in the Constitution, and we have held more than once, that it is to be presumed that the word privileges was adopted and retained in the Constitution of 1870, in the sense in which it was used in the Constitution of 1834, as ascertained and settled by judicial interpretation.
Following these adjudications as conclusive of the question, there was no error in the action of the Circuit Judge in dismissing the petition, and therefore we refuse the application for writ of error.